IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/01/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

H.C.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY;
MISTY MACKEY, Warden,
Midwest Regional Reception Center;
TAMMY MARICH, Acting Field Office Dir., ICE;
DAVID J. VENTURELLA, Acting Director, ICE;
MARKWAYNE MULLIN, DHS Secretary; and
TODD BLANCHE, United States Attorney,

Respondents.

Case No. 26-3312-JWL

**MEMORANDUM AND ORDER**

On August 25, 2026, petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenged her detention by immigration officials. On August 27, 2026, petitioner filed a motion for a temporary restraining order (TRO) enjoining her removal pending resolution of this case. The Court heard argument on the motion at a telephone hearing on that date, and it denied the motion on the record at a second hearing the same evening. At the Court's request, the parties filed response and reply briefs the following morning; and in the afternoon on August 28, 2026, the Court reaffirmed its denial of the motion for the reasons set forth in the second hearing the day before. The Court also stated in the order that it would issue a memorandum and order

setting forth the Court's reasoning, and the Court does so by this order. In addition, respondents shall file a notice concerning the status of petitioner's removal on or before **September 2, 2026**.

As petitioner acknowledges, to obtain a TRO a movant must make the same showing required to obtain a preliminary injunction. *See Carpenters Pension Trust Fund of Kansas City v. Industrial Maintenance of Topeka, Inc.*, 2023 WL 1394884, at *1 n.1 (D. Kan. Jan. 31, 2023) (courts in this district apply the same procedures to TRO motions and motions for preliminary injunction). Thus, a movant must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *See id.* at 22.

In this case, petitioner has failed to demonstrate any likelihood that she will succeed on the merits of her claim that due process requires the Government to follow certain procedures before removing her to an alternative third country. In particular, petitioner has failed to show that this Court has jurisdiction to rule in this case or, more specifically, to enjoin her removal as requested. For that reason, the Court has denied the motion for a TRO.

First, the Court lacks jurisdiction to consider the petition in this case. Petitioner was previously detained within this judicial district, and she filed her petition in this Court naming her Kansas custodian as a respondent. A district court may grant habeas relief only

within its jurisdiction, *see* 28 U.S.C. § 2241(a), and the Supreme Court has reaffirmed the rule that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A district court also retains jurisdiction if a petitioner is transferred outside the district during the pendency of the petition. *See id.* at 441 (citing *Ex parte Endo*, 323 U.S. 283 (1944)); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). In this case, however, it is undisputed that the petition was filed on the morning of August 25, 2026, *after* she had already been transported outside Kansas on the way to a facility in Texas, to which she was being transferred for her ultimate removal from the United States. Thus, because petitioner was not confined in this district at the time of the filing of the petition, this Court lacks jurisdiction over the case.

Petitioner argues nevertheless that the Court may exercise jurisdiction under the so-called "unknown custodian" doctrine. In a footnote in *Rumsfeld v. Padilla*, the Supreme Court stated that a case from the D.C. Circuit, cited in the dissent, was not helpful for the following reason:

> When, as in that case, a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules. That is not the case here, where the identity of the immediate custodian and the location of the appropriate district court are clear.

*See Padilla*, 542 U.S. at 450 n.18 (distinguishing *Demjanjuk v. Meese*, 784 F.2d 1114 (D.C. Cir. 1986)). In his concurring opinion, Justice Kennedy further elaborated, after first noting that a court may deviate from the rule requiring filing in the district of confinement "[o]nly in an exceptional case," as follows:

> I would acknowledge an exception if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention. In cases of that sort, habeas jurisdiction would be in the district court from whose territory the petitioner had been removed. In this case, if the Government had removed Padilla from the Southern District of New York but refused to tell his lawyer where he had been taken, the District Court would have had jurisdiction over the petition. Or, if the Government did inform the lawyer where a prisoner was being taken but kept moving him so a filing could not catch up to the prisoner, again, in my view, habeas jurisdiction would lie in the district or districts from which he had been removed.

*See id.* at 454 (Kennedy, J., concurring). Petitioner has not shown that either circumstance described by Justice Kennedy is present here, as there is no evidence or suggestion that the Government refused to disclose petitioner's location at any time or that it transferred petitioner out of Kansas to thwart a habeas filing in this Court. Rather, the only evidence suggests that petitioner was transferred solely to facilitate her removal by charter flight. *See Villalta v. Woosley*, 2026 WL 973279, at *2-4 (W.D. Ky. Apr. 10, 2026) (refusing to apply this exception in a case involving neither circumstance described in Justice Kennedy's concurrence); *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1105-07 (E.D. Cal. 2025) (same). Thus, petitioner has not shown that this is the exceptional case in which the district-of-confinement rule should not be applied; and accordingly, petitioner has not established the Court's jurisdiction to hear this habeas case.

Second, petitioner has not shown that the requested injunction falls outside the scope of 8 U.S.C. § 1252(g), which states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to . . . execute removal orders against any alien." *See id.* Under this provision,

the Court lacks jurisdiction to consider even an indirect challenge to a removal order. *See Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1274-75 (10th Cir. 2018). Petitioner seeks an order prohibiting her removal pursuant to a final removal order; thus, this case falls within the plain language of the jurisdiction-stripping statute, as petitioner's request arises from the Government's decision to execute a removal order. *See Abedi v. Carter*, 2025 WL 3209015, at *2 (D. Kan. Aug. 5, 2025) (Lungstrum, J.) (concluding that "an injunction prohibiting the government from removing petitioner would effectively constitute a challenge to the government's authority to remove petitioner, and the Court therefore lacks jurisdiction [under Section 1252(g)] to issue the requested injunction against removal), *appeal filed* (10th Cir. Oct. 6, 2025). Because this request falls within the plain terms of the statute, the Court is not persuaded by the cases cited by petitioner that it may nonetheless exercise jurisdiction here.[1]

For these reasons, the Court has denied the motion for a TRO prohibiting petitioner's removal. The parties have not notified the Court whether the scheduled removal of petitioner occurred; thus, it is not clear whether this case has been rendered moot. Accordingly, respondents are ordered to file a notice on or before **September 2, 2026**, in which they provide an update on petitioner's removal.

---

[11] In addition to these jurisdictional infirmities, the Court notes that in a prior case it has declined to issue such a TRO to prohibit the removal of an alien, such as petitioner here, who falls within the class certified in the *D.V.D.* case, in which the Supreme Court stayed an identical injunction. *See Manago v. Carter*, 2025 WL 2576755, at *3 (D. Kan. Sept. 5, 2025) (Lungstrum, J.).

IT IS SO ORDERED.

Dated this 1st day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge