IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/03/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

H.C.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY;
MISTY MACKEY, Warden,
Midwest Regional Reception Center;
TAMMY MARICH, Acting Field Office Dir., ICE;
DAVID J. VENTURELLA, Acting Director, ICE;
MARKWAYNE MULLIN, DHS Secretary; and
TODD BLANCHE, United States Attorney,

Respondents.

Case No. 26-3312-JWL

**MEMORANDUM AND ORDER**

On August 25, 2026, petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenged her detention by immigration officials. On August 27, 2026, petitioner filed a motion for a temporary restraining order (TRO) enjoining her removal pending resolution of this case; the Court denied the motion on the record on that date, it reaffirmed that ruling after briefing on August 28, 2026, and it set forth its reasoning in a written opinion on September 1, 2026. *See H.C. v. Department of Homeland Sec.*, 2026 WL 2581873 (D. Kan. Sept. 1, 2026) (Lungstrum, J.). The parties then filed expedited briefs addressing the petition. The Court now **dismisses the petition for lack of jurisdiction**.

As explained in its prior opinion, the Court lacks jurisdiction to consider the petition in this case, under the rule requiring filing in the district of confinement, *see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), because at the time of the petition's filing petitioner had already been transported outside Kansas for her transfer to a facility in Alvarado, Texas to facilitate her imminent removal. The Court noted that petitioner had not disputed the Government's evidence that petitioner left her Kansas facility at 4:00 a.m. on August 25, 2026, and that she crossed into Oklahoma from Kansas at approximately 8:45 a.m., prior to the filing of the petition at 10:31 a.m. that day.

Petitioner now disputes whether she had in fact left Kansas before the filing of the petition. She notes that the Government's declarant did not support his statements with documentary evidence, and she provides evidence that the Government's own online locator system showed petitioner still at her Kansas facility at the time of the filing (and until the next day). The Court is not persuaded that petitioner was still in Kansas at the relevant time, however. Petitioner bears the burden to establish the Court's jurisdiction here, and thus she bears the burden to show that she was in fact in Kansas at the time of filing. *See Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (general rule is that a habeas petitioner bears the burden of proof) (citing *Garlotte v. Fordice*, 513 U.S. 39, 46 (1995)); *McCormack v. Kline*, 2007 WL 2010857, at *2 (D. Kan. July 6, 2007) ("The burden of establishing jurisdiction is upon the habeas petitioner."), *aff'd*, 572 F.3d 841, 847 (10th Cir. 2009) (petitioner was required to make a showing to satisfy the jurisdictional requirement at issue). The Court concludes that petitioner has not met that burden here. The Court is not persuaded that the online reference should be deemed more accurate than

the Government's specific evidence regarding petitioner's hour-by-hour location and the timing of her transfer, especially because petitioner has not specifically alleged that she did not in fact reach her transfer destination until August 26, 2026, the following day, as the online locator would suggest. Most significantly, petitioner herself would have the best information concerning whether she actually departed her facility before dawn on August 25, 2026, and yet she has not offered her own declaration or other direct evidence concerning the actual timing of her transfer. The Court thus finds that petitioner was not within this judicial district at the time of the filing of the petition, and it therefore concludes that petitioner cannot satisfy the district-of-confinement requirement for habeas jurisdiction in this Court.

Petitioner continues to argue that the Court should nevertheless exercise jurisdiction under the so-called "unknown custodian" exception to the district-of-confinement rule. In its prior opinion, after noting the purported origin of this rule in *Padilla*'s majority and concurring opinions, the Court concluded that any such exception would not apply in this case in the absence of any evidence or suggestion that the Government refused to disclose petitioner's location at any time or that it transferred petitioner out of Kansas to thwart a habeas filing in this Court, and that therefore petitioner had not shown that this is the exceptional case in which the district-of-confinement rule should not be applied. The Court is not persuaded by petitioner's latest brief to reconsider that conclusion.

Accordingly, the Court concludes that it lacks jurisdiction to hear this case, and the Court therefore dismisses this action.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed for lack of jurisdiction**.

IT IS SO ORDERED.

Dated this 3rd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] The Court does not transfer the case to the Northern District of Texas because the Government has now filed notice that petitioner has been removed from the United States.